# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JESSE GREENBERG,**<br>Plaintiff,<br>vs.<br>**CITY AND COUNTY OF SAN FRANCISCO,**<br>Defendant. | CASE NO. 19-cv-00490-YGR<br>**ORDER DENYING MOTION TO DISMISS AS MOOT; DENYING MOTION FOR INJUNCTIVE RELIEF WITHOUT PREJUDICE TO REFILING**<br>Dkt. No. 30, 39 |

Pending before the Court is defendants' motion to dismiss (Dkt. No. 30). This Court previously ordered that plaintiff Jesse Greenberg file a response to defendants' pending motion to dismiss postmarked no later than June 14, 2019. (Order Granting Extension, Dkt. No. 36.) Greenberg filed a response to the motion to dismiss (Dkt. No. 37) and an additional opposition and response postmarked June 14, 2019 (Dkt. No. 40.) In that response, plaintiff requests that the Court deny defendants motion and order defendants to provide the information he has requested pursuant to California's recently enacted Senate Bill 1421 ("SB 1421"), which amended the state's Penal Code to increase access under the California Public Records Act to personnel and complaint records as against peace officers and custodial officers. (*Id*. at 1.) *See* Cal. Penal Code § 832.7; Cal. Gov't Code § 6250 *et seq*.

On June 7, 2019, plaintiff filed a motion for injunctive relief to compel the defendants to issue a police report number and to enforce his rights to information under SB 1421. (Dkt. No. 39.)

Defendants argue in reply to the motion to dismiss (Dkt. Nos. 42) that plaintiff's response does not address their arguments that his complaint does not plead sufficiently any constitutional violations. Defendants further contend that plaintiff failed to meet his burden to entitlement to preliminary injunctive relief, *i.e.* that "[1.] he is likely to succeed on the merits [of the claims in his complaint], [2.] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3.]

that the balance of equities tips in his favor, and [4.] that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008) ("*Winter* factors"). In addition, defendants oppose the request for injunctive relief on the grounds that the San Francisco Police Department has acknowledged plaintiff's SB 1421 request, "intends to produce records as required," and "disclosure of records pursuant to plaintiff's request is underway." (*Id.* at 5; Dkt. No. 42 at 2.)

On July 3, 2019, the Court received and filed plaintiff's Third Amended Complaint. (Dkt. No. 44.)

In light of the foregoing, the Court **ORDERS** as follows:

(1) the Third Amended Complaint is deemed a request to file a Third Amended Complaint and is **GRANTED**. The Third Amended Complaint is deemed to have been filed properly as of July 3, 2019.

However, plaintiff Greenberg is **<u>cautioned</u>** that future filings of amended complaints without first requesting and obtaining from the Court an order granting permission to file an amended complaint will result in the amended complaint being stricken.

(2) the motion to dismiss the Second Amended Complaint (Dkt. No. 30) is therefore **DENIED AS MOOT**.

(3) plaintiff Greenberg's request for injunctive relief is **DENIED WITHOUT PREJUDICE** for failure to offer evidence to meet his burden on the four *Winter* factors set forth above, particularly in light of defendants' representation that it is in the process of disclosing the records plaintiff seeks.

(4) Within five (5) business days of this Order, defendants shall file a statement confirming the date upon which the records requested by Greenberg will be produced.

This terminates Docket Nos. 30 and 39.

**IT IS SO ORDERED.**

Dated: July 11, 2019

                                              **YVONNE GONZALEZ ROGERS**
                                              **UNITED STATES DISTRICT COURT JUDGE**