# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JESSE GREENBERG,**<br>Plaintiff,<br>vs.<br>**CITY AND COUNTY OF SAN FRANCISCO,**<br>Defendant. | CASE NO. 19-cv-00490-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS FEDERAL CLAIMS AND REMANDING CASE; DENYING AS MOOT MOTIONS FOR ORDER TO SHOW CAUSE, INJUNCTIVE RELIEF, JUDICIAL NOTICE, PERMISSION FOR ELECTRONIC CASE FILING, TO STRIKE, FOR VOLUNTARY ACCEPTANCE OF SERVICE, EXTENSION OF TIME TO FILE**<br><br>Dkt. Nos. 46, 48, 49, 50, 51, 52, 55, 56, 69, 70, 71 |

Plaintiff Jesse Greenberg initiated this action in the San Francisco Superior Court alleging motor vehicle negligence against the City for injuries sustained when he was hit by a MUNI bus on December 10, 2016. (Dkt. No. 1-1, Exhibit A.) This action was removed to this Court by defendant City and County of San Francisco on January 29, 2019, when defendant added federal constitutional violations to his complaint, based upon the City's failure to investigate or provide a policy report. (Dkt. No. 1-4, Exh. D.) After defendant filed a motion to dismiss in this Court, plaintiff sought extensions of time to respond to the motion, ultimately filing a number of documents on April 15, 2019, including a "Complaint and Request for Injunction," which the Court deemed a Second Amended Complaint. (Dkt. No. 29.) The City again moved to dismiss, and plaintiff requested an extension of time to respond, eventually filing a response to the motion and a Third Amended Complaint, which the Court deemed the operative complaint in a July 11, 2019 Order. (Dkt. No. 44, 45.)

Presently pending before the Court is defendant's motion to dismiss the Third Amended Complaint. (Dkt. No. 46.) After again requesting an extension, plaintiff filed his response to the motion to dismiss on August 9, 2019. (*See* Dkt. Nos. 66 and 67 [duplicate].) In addition, plaintiff

filed several motions seeking injunctive relief, an order to show cause, voluntary acceptance of service, and judicial notice, as well as requests for permission to file electronically and to strike a typographical error in the caption of the Third Amended Complaint. (Dkt. Nos. 48, 49, 50, 51, 52, 56, 69, 70, 71.) Defendant has responded to plaintiff's pending motions.

The Court has reviewed the motions and responses thoroughly, and liberally construes the allegations of plaintiff, who is self-represented. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) ("Supreme Court precedent . . . instructs federal courts liberally to construe the 'inartful pleading' of pro se litigants"). Nevertheless, upon such review the Court **FINDS AND ORDERS** that:

The motion to dismiss the Third Amended Complaint is **GRANTED WITHOUT LEAVE TO AMEND** as to all claims plaintiff has attempted to state under 42 U.S.C. section 1983 and the United States Constitution. Failure to investigate or prosecute does not establish a constitutional violation in the absence of allegations that the officers were discriminating based upon plaintiff's membership in a protected class, or that the officers had a special relationship or special statutory duty to act. *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (allegedly inadequate investigation of the juvenile's death was insufficient to state a civil rights claim); *Gini v. Las Vegas Metro. Police Dep't,* 40 F.3d 1041, 1045 (9th Cir.1994) ("police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty o[r] property"); *see also DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196, 198 n.3 (1989) (government has no duty to provide aid and protection but may not selectively deny protective services to disfavored minorities). A plaintiff does not have a constitutional right to demand the police investigate a complaint or produce a police report. *See Town of Castle Rock, Colo. v. Gonzales,* 545 U.S. 748, 768 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations."); *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Defendant's alleged negligence likewise does not state a basis for a section 1983 claim. *See Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir. 1986) ("section 1983 "imposes liability for

2

violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law," *citing Baker v. McCollan,* 443 U.S. 137, 146 (1979)).

Despite several attempts to articulate a constitutional violation, plaintiff has failed to do so. As the Court finds no authority to support plaintiff's claims that defendant has violated a federal right by failing to conduct a proper investigation, prosecute, or file a police report, defendant's motion to dismiss the claims as alleged under section 1983 is **GRANTED**.[1]

Notwithstanding the foregoing, defendant acknowledges that plaintiff is not precluded from bringing a cause of action for negligence. (*See, e.g.*, Dkt. No. 73, Opposition to Motion for OSC, filed August 23, 2019, at 2:19-20.) Plaintiff has alleged that the driver of the MUNI bus made an unsafe, illegal turn and drove away after striking plaintiff, that defendant breached a duty to investigate, and that defendant failed to train, supervise, and discipline employees to prevent members of the public and plaintiff from being harmed. The Court recognizes that there are circumstances under which state officers may have a duty to act. *See Williams v. State of California*, 34 Cal. 3d 18, 24–25 (1983) ("when the state, through its agents, voluntarily assumes a protective duty toward a certain member of the public and undertakes action on behalf of that member, thereby inducing reliance, it is held to the same standard of care as a private person or organization").

To the extent that plaintiff may be able to amend his complaint to state a claim for negligence or breach of duty under state law, this Court would not have an independent basis for jurisdiction. Having dismissed the federal claims, the Court finds that this action should be remanded. *See* 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (court "generally *must* remand the case to state court, rather than dismiss it . . . failure of federal subject-matter jurisdiction means

---

[1] In addition, Section 1983 does not apply to violations of foreign authorities or international declarations of human rights. 42 U.S.C. § 1983 (authorizing civil action for "deprivation of any rights, privileges, or immunities secured by the Constitution and laws"); *see Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 106 (1989) (to state a section 1983 claim, "plaintiff must assert the violation of a federal right").

3

only that the *federal* courts have no power to adjudicate the matter") (emphasis supplied, internal citations omitted).

Therefore, the Court **REMANDS** this action to the Superior Court of California, County of San Francisco. Upon remand, plaintiff shall file an amended complaint alleging only his remaining claims under state law, if any.

Because the action is dismissed and remanded, Plaintiff's additional motions regarding injunctive relief, order to show cause, service, and judicial notice, and other procedural motions (Dkt. Nos. 48, 49, 50, 51, 52, 56, 69, 70, 71) are **DENIED AS MOOT**.

The Clerk shall close the file and remand to the Superior Court.

This terminates Docket Nos. 46, 48, 49, 50, 51, 52, 55, 56, 69, 70, and 71.

**IT IS SO ORDERED.**

Dated: August 27, 2019

                                  **YVONNE GONZALEZ ROGERS**
                                  **UNITED STATES DISTRICT COURT JUDGE**